UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
GEORGE CATSIAPIS,

                      Plaintiff,

    - against -

PARDALIS & NOHAVICKA, LLP, TASO
PARDALIS and JOSEPH D. NOHAVICKA,

                      Defendants.
--------------------------------------------------------x

MEMORANDUM AND ORDER

16 Civ. 2998 (ILG) (VMS)

GLASSER, Senior United States District Judge:

## INTRODUCTION

Pending before the Court are Defendants' motion to dismiss pursuant to Rule 12(b)(1), Fed. R. Civ. P. (ECF No. 5), and a letter motion for sanctions pursuant to Rule 11, Fed. R. Civ. P. (ECF No. 6). Received from the Plaintiff is a letter dated October 25, 2016 addressed to the Court asking "for good cause and in the interests of justice" that it vacate its Orders in the matter and grant him the right to oppose the Defendants' motions. (ECF No. 10). There are no Orders issued by the Court as yet and opposition to motions requires no permission to file.

## BACKGROUND

The Plaintiff, George Catsiapis, was involved in a motor vehicle accident on the Brooklyn Queens Expressway in 2002. Mr. Catsiapis retained two attorneys, Steve Giano and Steven Gordon, to represent him in a resulting personal injury action in the New York Supreme Court, Queens County. Dissatisfied with their representation in that matter, Mr. Catsiapis retained Pardalis & Nohavicka, Defendants here, to represent him in a separate legal malpractice action brought against Mr. Giano and Mr. Gordon in the New York Supreme Court, Queens

1

County. Subsequently, Mr. Catsiapis retained Charles M. Hymowitz and brought the present action for legal malpractice against the Defendants in August 2016.

Defendants are New York residents whose law offices are located in Queens, New York. (Compl. ¶ 7, ECF No. 1). On the face of his Complaint, Plaintiff asserts this Court's jurisdiction on the basis of diversity of citizenship, being Defendants' New York residence, and his own citizenship and residence in Greece. Defendants contend that Mr. Catsiapis is actually a dual-citizen of the United States and Greece, having represented him in the past. (Nohavicka Dec. ¶ 2, ECF No. 5 - 4).

## DISCUSSION

Whether Mr. Catsiapis is domiciled in New York, as alleged by Defendants, or domiciled abroad in Greece, as alleged in the Complaint, this Court lacks subject matter jurisdiction. Diversity jurisdiction is available only when all adverse parties are completely diverse in their citizenships. See Herrick Co. v. SCS Commc'ns, Inc., 251 F.3d 315, 322 (2d Cir. 2001) (collecting cases). If Mr. Catsiapis is domiciled in New York, diversity is negated given Plaintiff's and Defendants' common New York citizenship. Even if Mr. Catsiapis resides in Greece, diversity is negated because as a dual citizen, his U.S. citizenship controls for purposes of diversity. United Torah Educ. & Scholarship Fund, Inc. v. Solomon Capital LLC, 2014 WL 4058486, at *2, n.1 (S.D.N.Y. Aug. 14, 2014) (citing Action S.A. v. Marc Rich & Co., Inc., 951 F.2d 504, 507 (2d Cir.1991)). United States citizens "domiciled abroad are neither citizens of any state of the United States nor citizens or subjects of a foreign state," so that "§ 1332(a) does not provide that the courts have jurisdiction over a suit to which such persons are parties." Herrick, 251 F.3d at 322 (citing Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 68 (2d Cir. 1990)). Plaintiff does not contest this lack of diversity. Following Defendants' motion to dismiss,

2

Plaintiff faxed a note to Defendants on October 17, 2016, "consenting to the removal of this matter from Federal Court to State Court." (ECF No. 11 at p. 4). Approximately one week later, in Plaintiff's motion to set aside a non-existent default judgment, he further conceded that his "dual residency does not create diversity." (ECF No. 10).

Plaintiff's counsel has now requested that the Court grant "the right to oppose the motion" and "vacate the default in this matter." (ECF No. 10).[1] A plaintiff needs no permission of the Court to oppose a defendant's motion to dismiss. He has not responded to that motion filed on September 15, 2016, two months ago. Had Defendant not moved to dismiss, the Court nevertheless has an independent obligation to ensure that it has subject matter jurisdiction, and must dismiss an action when it concludes that it lacks subject matter jurisdiction. See Lydonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700–01 (2d Cir.2000) ("[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time ... by the court *sua sponte*."); Fed. R. Civ. P. 12(h)(3). Given the lack of subject matter jurisdiction in this case, the Defendants' unopposed motion to dismiss is granted. With the Court's dismissal, Defendants' as yet unfiled motion for default judgment and Plaintiff's request for the "right to oppose the motion of the Defendants" are rendered moot.

**I.     Rule 11 Sanctions**

A motion for sanctions must be made separately from any other motion, and must not be filed with the court before a 21 day "safe-harbor" period has elapsed. Fed. R. Civ. P. 11(c)(2). Here, Defendants complied with the procedural requirements, moving separately for sanctions 21 days after the "safe-harbor" service on Mr. Hymowitz was made. (ECF No. 6). Mr. Hymowitz has not yet responded in any way to that motion.

---

[1] The Court has not entered default judgment in this case, so the motion to set aside default is vacuous.

Prior to the imposition of Rule 11 Sanctions, due process requires, at a minimum, notice and an opportunity to be heard. See Sanko S.S. Co. v. Galin, 835 F.2d 51, 53 (2d Cir. 1987). The Plaintiff is hereby directed to show cause on December 7th, 2016 at 12:00 p.m. why sanctions should not be imposed.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED.

SO ORDERED.

Dated:    Brooklyn, New York
           November 15, 2016

/s/_____
I. Leo Glasser
Senior United States District Judge