UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
GEORGE CATSIAPIS,

                Plaintiff,                MEMORANDUM AND ORDER

   -against-                              16 CV 2998 (ILG)

PARDALIS & NOHAVICKA, LLP,
TASO PARDALIS and
JOSEPH D. NOHAVICKA,

                Defendants.
-------------------------------------------------x
GLASSER, United States District Judge:

      The defendants moved this Court for an Order that would sanction the plaintiff's attorney, pursuant to Rule 11, Fed. R. Civ. P., for filing this action which did not confer subject matter jurisdiction upon the Court. A "safe harbor" letter was sent to the plaintiff's attorney in accordance with the Rule. A response to that letter was not received.

      On September 15, 2016, the defendants then filed a motion to dismiss the complaint pursuant to Rule 12(b)(1), Fed. R. Civ. P., Dkt. No. 5. Six days later, on September 21, 2016, the defendants filed a letter motion addressed to Magistrate Judge Scanlon, requesting her to grant attorneys' fees and expenses as authorized by Rule 11. Dkt. No. 6. The docket reflects no response to that request. What follows, however, is a letter from the defendants, dated October 19, 2016, addressed to this Court, inexplicably requesting that I fix a briefing schedule for the pending motions and bringing "to the attention of the Court that defendants do not seek removal, but rather, dismissal of this matter." Dkt. No. 7. In a letter response dated October 21st, I wrote, "I don't know why or what you require me to schedule for. I assume you wish to pursue a default judgment

. . . and you are free to pursue the procedure," for doing so. Dkt. No. 8.

On October 24th, the defendants requested the Clerk of Court to enter a default judgment pursuant to Rule 55, Fed. R. Civ. P., Dkt. No. 9. No judgment of default was entered. Received, however, was a letter from the plaintiff's attorney, dated October 25th, requesting that I vacate Orders that I had not issued. Dkt. No. 10. The defendants' letter response dated October 26th, is an inexplicable opposition to the plaintiff's letter and requests that I enter a default judgment in their favor for failure of the plaintiff to respond to his motion to dismiss and for sanctions. Dkt. No. 11. In a Memorandum and Order dated November 15, 2016, familiarity with which is assumed, I granted the motion to dismiss the complaint and directed the plaintiff's attorney to show cause on December 7, 2016, why sanctions should not be imposed. Dkt. No. 12. He failed to appear. A representative from the defendants' office appeared. Defendants submitted a Declaration in Support of a Bill of Costs setting forth time spent on actions taken by the defendant at a lodestar of $400 per hour and requesting a sanction of $7,920 be imposed upon plaintiff's attorney.

Rule 11 was violated. This Court lacked subject matter jurisdiction of the claim filed. The plaintiff's attorney was duly notified of that and he ignored it. A motion to dismiss pursuant to Rule 12(b)(1) was all that was required. The requests for briefing schedules and submissions for default described above were completely superfluous and incomprehensible as were the nearly 20 hours claimed to have been spent on this matter. A sanction is appropriate and is hereby imposed upon the plaintiff's attorney in

the amount of $750, which he is hereby directed to pay to the defendants forthwith.

SO ORDERED.

Dated:     Brooklyn, New York
           December 8, 2016

                                            /s/
                                            I. Leo Glasser